1835.

Osborn
v.
Taylor.

Decree accordingly.

---

Osborn *vs.* Taylor and others.

The court will not grant a preliminary injunction to stay the defendant from selling the complainant's farm upon execution, where the bill alleges that the judgment is not a legal lien on the premises; *as* a notice of the pen-dency of the suit, filed in the clerk's office, is all that is necessary to make any decree which may be obtained in the cause binding upon the purchas-er under the execution.

A preliminary injunction will not be granted, before answer, unless such in-junction is necessary to protect some interest or right of the complainant which might be injuriously affected by the proceedings of the defendant in the mean time.

THIS was an application for an injunction to restrain the defendants from selling the complainant's farm, on an execu-tion against T. M'Cantie. The bill alleged that the defend-ants recovered a judgment against M'Cantie in October, 1830, and that subsequently to such judgment he was discharged from all his debts, under the two-thirds act; that after his dis-charge, he purchased the farm in question, which the com-plainant had since bought from him and paid for; and that the defendants, claiming a lien upon the farm by virtue of their judgment, were proceeding to sell the same under an execution upon that judgment. The complainants asked to be permitted to give security, instead of paying the amount due on the judgment.

October 3.

*E. F. Smith,* for the complainant.

THE CHANCELLOR. This is not a proper case for a preliminary injunction, or to allow the complainant to give security instead of paying the money. If the allegations in the bill are true, the judgment is no lien upon the complainant's farm, unless there was fraud in obtaining the discharge and the complainant has purchased with notice of the fraud. The sale under the execution, therefore, will not divest any legal or equitable bona fide interest which the complainant has in the land. The only possible injury which he can sustain by a sale under the execution will be, to have a cloud cast upon his title. But a preliminary injunction is not necessary to prevent that effect of the sale ; for the commencement of this suit, and the filing of a notice of the lis pendens in the clerk's office of the county where the land lies, will enable the complainant to obtain a decree at the final hearing, declaring that the judgment was not a lien upon the farm, and that the sale under the execution was void. This will effectually remove any cloud which may be cast upon the title by such sale. A preliminary injunction should not be granted, before answer, unless it is necessary to protect some interest or right of the complainant, which may be injured, impaired, or endangered, by the proceedings of the defendant in the mean time, as it frequently turns out, when the answer comes in, or at the hearing, that the sole object of obtaining the preliminary injunction was, to embarrass the defendant's proceedings, and thus compel a compromise.

Injunction denied.