# TONGUE *v.* GASTON.

INJUNCTION.—An injunction will not be granted when the evidence is so conflicting as to make the right to it doubtful. The burden of proof in such case being on the plaintiff, he must clearly establish the essential allegations in his bill.

APPEAL from Washington County.

*Thomas H. Tongue,* for appellant.

*T. B. Handley,* for respondent.

By the Court, LORD, J.:

This suit is brought by Tongue, the appellant, to enjoin the defendant from maintaining a dam across Patton creek, by means of which the waters of said creek are diverted through a canal across plaintiff's land, and, as he alleges, to his irreparable injury. The answer puts in issue the injury and damages, and sets up as a separate defense that the dam, with a canal complained of, is part of a system of improvements for the purpose of drainage, constructed by the defendant under the authority of the county court, &c., and also, that it was located and constructed over plaintiff's land with his consent, and that the same has been in useful operation for such purposes of drainage since the construction of such improvements. The court sustained a demurrer to the separate answer, and upon the remaining issues evidence was taken and submitted to the court, which, after due consideration, refused the injunction prayed for. It is not perceived upon what ground this demurrer was sustained, nor were any authorities cited, or argument made, to support such ruling of the court. Waiving this, however, the appellant conceded that the canal was constructed across his land with his consent, but he claimed that that consent did not include the erection of the dam across the stream, and

that his consent must be confined to the location and con-
struction of the canal, and not to the dam, which caused the
overflow and the injury; and, therefore, conceding the rights
of the defendant in the premises to that extent, he submit-
ted upon the evidence whether he was entitled to an injunc-
tion. The evidence shows that the object of diverting the
water from the stream into the canal was two-fold—to drain
Wapato lake by leaving the channel open below the dam,
with which it was to be connected by a short canal, and to
drain the lands through which the proposed canal was to
pass, among which was the land of the appellant. Before,
and at the time the dam and canal were constructed, the
evidence indicates that the appellant knew and understood
these objects, and his consent and waiving damages, are
some indication of the supposed benefits which he presumed
would result to his land from the proposed improvements.
But he insists that if the canal had been excavated to the
depth of the bed of the stream, it would have obviated the
necessity of the erection of a dam across the stream to di-
vert the water into the canal, and thus avoided the injury
of which he complains. To this, it is replied that the ap-
pellant knew and understood, before and at the time he
gave his consent to the location of the canal across his lands,
that it included the erection of a dam across the stream to
turn the waters of it into the proposed canal; that such dam
was regarded as essential to be of any value or benefit to
the Wapato lake part of the improvement, which was the
main inducement of the respondent to undertake the pro-
posed plan of improvements, and incur the heavy expense
their construction necessarily involved; and finally, to con-
struct the canal on the line located, and to which he had
given his consent, it necessarily tapped the stream at a
sharp angle; that the width of the stream and the force and

flow of its waters at that point, and the general features of
the land surrounding, made it absolutely necessary to erect
a dam across the stream to turn its waters into the canal,
as without it the main body of the water would continue to
flow on in the channel of the stream, even though the bed
of the canal was dug as low as the bed of the stream.

Without pursuing the respective merits of these theories
further, we are satisfied that the evidence does not support
the claim of the appellant to the equitable interposition of
the court. The weight of evidence clearly indicates that
the injury from the overflow is not occasioned by the dam,
but is attributable to natural causes which existed long be-
fore the dam was erected. It shows that the lands of the
appellant lie at the base of the foot-hills, and are overflowed
by slight freshets; that there are breaks or low places along
the banks of the stream for some distance up it, and through
which the water runs, cutting channels in several directions
when the height and volume of the stream is increased by
the winter rains, and necessarily overflows the lands of the
appellant from the nature of its location; that these over-
flows occurred frequently, and years before the erection of
the dam, nor have these overflows been any worse since.
Allowing the highest consideration to the evidence for the
appellant, it is confronted with too much evidence disput-
ing his alleged grievance to authorize the interference of
equity. The general rule is, that an injunction will not be
granted where the evidence is so conflicting as to make the
right to it doubtful. The burden of proof in such case be-
ing on the plaintiff, he must clearly establish the essential
allegations of his complaint. The decree of the court be-
low is affirmed.

Decree affirmed.