STATE EX REL. GREENLAND *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL.

[Argued September 11, 1893.   Decided October 16, 1893.]

RECEIVERS—*Ejectment—District Court—Jurisdiction.*—The district court has not jurisdiction in an action for recovery of the possession of real property, with rents and profits, and damages for withholding possession, to dispossess the defendant on the commencement of the action, and before trial and judgment through the appointment of a receiver, upon a mere showing that the property was mortgaged, and the defendant was insolvent, and was collecting the rents which plaintiff needed to pay the interest upon the mortgage debt.

*Certiorari* to review action of second judicial district court in appointing a receiver for relator's property.   Order was made by MCHATTON, J.   Annulled.

*Oliver M. Hall*, for Relator.

*Charles R. Leonard*, for Respondent.

HARWOOD, J.—The matter for review herein is the appointment of a receiver by the court below, in an action in the nature of ejectment, to take and hold possession of the real estate in controversy, collect the rents and profits thereof, and dispose of the same, pursuant to the orders of court.   That appointment, relator claims, is in excess of the court's jurisdiction in said action, and she therefore brings the proceeding up for review by *certiorari* to obtain relief therefrom. (*Bateman* v. *Superior Court*, 54 Cal. 285.)

It appears that in said action one Carl Earnest Leischke, plaintiff, seeks to recover from relator, Louise B. Greenland, possession of a certain parcel of real estate situate in the city of

Butte, this state. Immediately after filing complaint and service of summons, such proceedings were had as resulted in the appointment of a receiver to take and hold possession of the property in dispute, and manage the same, collect the rents thereof, pay expenses of management, and apply the remaining proceeds to the payment of encumbrances on said property, subject to the further orders of the court.

The complaint in said ejectment suit contains allegations in substance as follows: That on June 19, 1893, said plaintiff, Carl Earnest Leischke, was, and ever since has been, the owner, and entitled to the possession of, said premises, particularly describing the same; that on said date defendant, Louise B. Greenland, conveyed to plaintiff said premises by warranty deed, a copy of which deed is attached to the complaint as part thereof; that ever since said conveyance defendant has unlawfully and wrongfully withheld possession of said premises from plaintiff, to his damage in the sum of $1,000; that the value of the rents and profits of said premises since June 19, 1893, while plaintiff has thus wrongfully excluded defendant therefrom, is $400; that the improvement situated upon said premises is a two-story lodging-house, comprising twenty rooms, all of which rooms, except one occupied by defendant Greenland, are leased by her to tenants, and that the sum of about $250 per month is realized therefrom, and that defendant appropriates such rents to her own use; that defendant is insolvent, and will be unable to refund any of the rents so collected by her while in the wrongful possession of said premises. And plaintiff further avers that said property is mortgaged to secure payment of the sum of $7,000, bearing interest, by a mortgage executed and delivered by defendant while she owned said premises prior to such conveyance to plaintiff; that the interest on said mortgage becomes due and payable monthly, and said mortgage provides that, in case of default in payment of such interest as it becomes due, thereby the whole principal of said mortgage debt shall become due and payable; that defendant has neglected and refused to pay any interest on said mortgage since said conveyance of the property to plaintiff, and that said interest has been paid by plaintiff; that plaintiff is unable to continue the payment of such interest unless he receives the

rents and profits of said property: "That defendant, by collecting and appropriating to her own use said rents, is endangering the title to said property, and suffering the same to go to waste."

Upon these allegations plaintiff demands judgment against defendant: 1. For the recovery of the possession of said premises, and $1,000 damages for wrongfully withholding possession thereof; and 2. For the sum of $400, value of rents and profits thereof, and costs of suit; and further, that a receiver be appointed *pendente lite*, with full power and authority to enter upon and take possession of said premises, to take care of and rent the same, with power to demand and enforce the payment of rents pending this suit in such manner as may be deemed most advantageous to the parties interested therein, subject to the further orders of court.

In compliance with an order of court issued and served upon defendant Greenland, in said action, calling upon her to show cause, if any existed, why a receiver should not be appointed to take charge of said property as demanded in the complaint, she appeared and filed an affidavit of merits setting forth affirmations and denials in substance as follows: She denies that plaintiff is now, or was at any time, owner of said property. Denies that said property was conveyed to plaintiff on June 19, 1893, or at any time, by defendant, by warranty deed, or otherwise, but alleges the facts to be that on or about said date plaintiff negotiated with defendant for the purchase of said property; that, according to the terms of an oral agreement then made between said parties, plaintiff agreed to assume the mortgage of $7,000 upon said premises, and to assume and pay certain insurance, and the interest then due on said mortgage, and certain other debts and obligations of defendant, not exceeding $2,000; and also to execute and deliver to defendant two promissory notes, each for the payment of $1,000 to defendant at the end of one and two years from said transaction, making a consideration of $11,000 to be paid by plaintiff for said premises; "that, relying on said oral agreement with plaintiff, the defendant executed the deed mentioned in plaintiff's complaint, but alleges that said deed was never delivered by defendant to plaintiff, and that plaintiff secured possession

of said deed without defendant's consent, and that plaintiff refused to deliver to defendant said promissory notes, or to carry out or to fulfill his part of said oral agreement, further than was necessary to protect himself from third parties having claims against the said premises, and that any payment that may have been made by plaintiff was made without the consent of defendant herein; that defendant immediately demanded of the plaintiff the return to her of said deed, but that plaintiff refused to return said deed to defendant, but had the same recorded without defendant's consent, and that on the third day of August, 1893, defendant commenced an action against the plaintiff to have said deed canceled and declared a cloud upon defendant's title to said premises; and that said action is now pending in department two of this court."

Admits that defendant holds possession of said premises and withholds the same from plaintiff, but denies that said withholding is wrongful or unlawful, and specifically denies each allegation of damage set forth in the complaint; and further denies that said premises yielded $400 in rents and profits from June 19, 1893, to the commencement of said action, "or any greater sum than $92" was obtained from rent of furnished rooms of said building during that time; "and that said amount also included the services of defendant in taking care of, cleaning, and managing the rooms in said house; that on account of the interference with tenants by plaintiff, and threats made by him, certain tenants left said premises, and the rent therefor was thereby decreased; and that plaintiff has, without defendant's consent, and wrongfully, collected $40 rent from defendant's tenants; and that said $40 is included in the $92 mentioned above."

Denies that all of the twenty rooms in said house save one, occupied by defendant, were leased to tenants, or yielded the amount of rent alleged by plaintiff, but, on the contrary, affirms that the rent of said rooms furnished, and "with the care and labor of defendant in taking care and cleaning the same, does not exceed $132 per month." Denies insolvency of defendant, or that she will be unable to return the rents derived from said premises in case adjudged so to do on the final determination of the action. Admits that a mortgage exists on said

premises to secure payment of $7,000, executed by defendant, bearing interest, payable quarterly (instead of monthly as alleged in the complaint); and says "that the last installment of said interest became due on August 11, 1893, and all interest previous to the last installment had been paid by defendant; and that it was not previously her custom to pay said interest exactly on the date it became due," but that the holders of said mortgage had always granted her an extension of time from one to two weeks, as it might suit her convenience, to pay said interest; and that she was making arrangements to pay said last installment of interest. Denies that she ever refused to pay said interest as the same became due. Denies that defendant, by collecting the rents from said property, is endangering the title thereof, or suffering the same to go to waste, "but alleges that in order to pay the interest upon said mortgage it is necessary for her to collect the rents and profits thereof.

And defendant further says that she resides in the said house, and runs and operates the same as a lodging-house, and that she takes care of and cleans the rooms rented to lodgers and roomers in said house; that in order to rent said house advantageously it is necessary that said house be furnished, and that there be some one to manage and attend to said house, and especially to the rooms on the upper floor; and unless said house is furnished, and in charge of some person who can attend thereto, affiant believes that it would be impossible to rent said house for a sufficient sum to pay the interest upon said mortgage.

And affiant further says that she has been, and now is, earning a livelihood attending to said house, and, if said house is placed in the hands of a receiver, that affiant will be compelled to remove her furniture therefrom, and to sell the same at a sacrifice or to pay storage thereon. And defendant alleges that if a receiver is appointed in this case she will be greatly and irreparably injured, and that her business will be destroyed. Wherefore defendant prays that a receiver be not appointed during the pendency of this action."

On the hearing of the motion for appointment of a receiver plaintiff testified in support thereof, relating the conditions of

his purchase of said property from relator, Mrs. Greenland, in effect contradicting her version of the transaction as set forth in her affidavit, and affirming his fulfillment of the transaction on his part; also testifying to the payment of certain sums by him which were charges on said property, claiming that he was compelled to make such payments to protect the property. Mrs. Greenland also submitted on said hearing affidavits by two persons in support of her version of the transaction. The facts have been narrated in the foregoing statement to show the full scope of the controversy involved. But the question for determination is whether or not the court has jurisdiction in such an action for recovery of the possession of real property, with rents and profits and damages for withholding, to dispossess the defendant on the commencement of the action, or before trial and judgment, through the appointment of a receiver.

Upon careful consideration of the allegations of the complaint we can find no equitable elements therein sufficient to bring the case within the equitable jurisdiction of the court, and warrant the appointment of a receiver to take possession of the property in controversy. The complaint, when carefully considered, presents nothing more than an action of ejectment, as formerly classified; that is, an action to recover possession of the real property in question, together with counts for damages for withholding possession and for rents and profits. (Code Civ. Proc., § 86.)

The complaint does not even present allegations showing waste (although plaintiff urges the matter of waste and danger of loss of said property as grounds for a receiver), because the fact alleged, that defendant is renting the rooms to tenants and collecting the rents, in no manner shows waste or injury to the premises. Nor are there other allegations showing any extraordinary circumstances of danger or equitable grounds of relief connected with the legal elements of the suit. Even if waste or danger of waste was shown, the usual remedy, and the one pointed out by statute therefor, is injunction. (Code Civ. Proc., § 86.) It has never been considered that allegations showing waste, or danger thereof, warranted the appointment of a receiver in ejectment actions. The old writ of

estrepement at common law, now obsolete because injunction is used to effect the same purpose, did not dispossess the defendant, but forbade and prevented waste. (3 Blackstone's Commentaries, 225; Anderson's Law Dictionary, 417; 1 Bouvier's Law Dictionary, 609.)

Nor do the allegations as to plaintiff's need of the rents and profits of the property in controversy, to make proposed payments thereon, justify the dispossession of defendant by a receiver prior to judgment. In nearly all ejectment actions some such circumstances could be alleged. We have carefully examined all the authorities cited by respondent's counsel and others, and while some actions where recovery of possession of real property was sought have comprised such other and further grounds for equitable relief as to warrant the appointment of a receiver, this action does not come within that category. (*Bateman* v. *Superior Court*, 54 Cal. 285; *Scott* v. *Lumber Co.*, 67 Cal. 71; *Emerson's Appeal*, 95 Pa. St. 258; *Cofer* v. *Echerson*, 6 Iowa, 502.)

Respondent suggested an irregularity in entitling this proceeding as "*Louise B. Greenland* v. *Department No. 1 of the District Court of Silver Bow County.*" The suggestion is pertinent and well taken. This point of practice was fully considered in *Chumasero* v. *Potts*, 2 Mont. 242, and *Territory* v. *Potts*, 3 Mont. 364, and the proper practice explained. There being no objection urged, but merely a suggestion in this regard, the title of these proceedings has been re-formed accordingly, as shown above. The fact that the respondent tribunal is a court presided over by two judges concurrently administering the functions of that court, and that they for convenience arrange their respective departments by number, does not divide such court into two tribunals, as implied in the original title of this proceeding. The case wherein the proceedings under review was had is lodged in said tribunal, and all judges presiding therein, whether permanently, or called to preside temporarily under the provisions of the law, are bound to take notice of this review and give effect to the result thereof. Hence it seems proper to address these proceedings to such tribunal and the judges presiding, without naming any particular judge.

The appointment of a receiver in this case not being warranted, the order to that effect made by the court below must be annulled, and the possession of the premises in question restored to relator; and the order of this court will be entered to that effect.

*Order annulled.*

PEMBERTON, C. J., and DE WITT, J., concur.