[No. 1237. Decided June 29, 1894.]

ALBERT N. WALES et al., *Respondents,* v. J. H. DENNIS et al., *Appellants.*

RECEIVERS — APPOINTMENT PENDING LITIGATION — PLEADING.

In an action for the dissolution of a partnership, for an accounting, and for the appointment of a receiver, it is error to appoint a receiver pending the litigation, when the complaint does not allege that defendants are insolvent, and the answer contains a direct allegation that they are solvent and able to respond in damages.

*Appeal from Superior Court, King County.*

*Hays & Humphrey,* for appellant.

The opinion of the court was delivered by

HOYT, J.—Plaintiffs filed their complaint, setting up the fact that they and the defendants had entered into a partnership for the conducting of a restaurant business in the city of Seattle, that the defendants had so misbehaved themselves in the prosecution of such business as to damage it, that they had failed to do their duty in regard thereto, and that they had denied to plaintiffs any participation in its affairs, or in the profits, and asking that the partnership be dissolved, that an accounting be had, that a receiver be appointed, and that they have their costs.    It appeared from said complaint that the plaintiffs had been enjoined from conducting the partnership business in a suit by a person not interested in such partnership.    This being so, it is doubtful whether or not the complaint stated a cause of action, but it is not necessary to decide that question.    The defendants answered, denying the material allegations of the complaint.    It appeared from the answer that the defendants were solvent, and that they were ready to put up a bond to indemnify the plaintiffs.    In the light of these facts should a receiver have been appointed to conduct the business, pending the litigation?    To do so was to indirectly nullify the injunction against the plaintiffs as members of such partnership from continuing its business. If the plaintiffs could not legally be engaged in the business, it is difficult to see how it was competent for it to be conducted in the joint interest of themselves and partners by a receiver.

But, regardless of this question, there was enough in the answer to show that there was no necessity for the appointment of a receiver.    There was no allegation in the complaint that the defendants were insolvent, and there was a direct allegation in the answer that they were solvent, and able to respond in damages.    This being so, and the equi-

ties of the bill having been denied, a receiver should not have been appointed until final hearing of the cause.

The order appealed from will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.