STATE EX REL. GIROUX, APPELLANT, *v.* GIROUX, RESPONDENT.

[Submitted November 15, 1894. Decided November 19, 1894.]

PRACTICE—*Proceeding in habeas corpus—Amendment.*—When the title of a proceeding in *habeas corpus* is technically wrong, and the court's attention is called to the defect, it should direct the proper amendment or reformation of the title to be made. And in the case at bar, where the petition showed on its face that the suit was being prosecuted by the relator for the benefit of the father of the child whose body was demanded, and all the facts stated in the petition showed him to be the real party in interest, it was held error to dismiss the proceeding on the technical objection that it should have been brought in the father's name, as the defect was one which the court had a right to amend on its own motion, and which should have been done in the furtherance of justice. (*Territory* v. *Potts*, 3 Mont. 364; *State ex rel Greenland* v. *Second Judicial District Court*, 13 Mont. 416; *State ex rel Johnson* v. *Case*, 14 Mont. 520, cited.)

SAME—*Institution of suit by attorney in fact.*—A duly appointed attorney in fact may institute a *habeas corpus* proceeding for the benefit of his principal, make the necessary affidavit, and take such other necessary steps in the matter as an attorney in fact could do in other cases, and any judgment rendered in the case would be binding as to his principal.

*Appeal from Tenth Judicial District, Flathead County.*

HABEAS CORPUS by the state, on the relation of one Nathorst, to obtain the custody of an infant child. A motion to quash the writ was sustained by DU BOSE, J., and judgment was entered dismissing the proceeding. Reversed.

*W. N. Noffsinger*, for Appellant.

I. The proceeding was prosecuted "in the name of the real party in interest," as required by section 4 of the Code of Civil Procedure. The state of Montana is the plaintiff, and it and the child are the real parties in interest. (Hochheimer on Custody of Infants, § 54.) Like a criminal complaint, no legal relations need subsist between the relator and the person imprisoned. (Hurd on Habeas Corpus, 230; *In re Agar-Ellis*, L. R. 24 Ch. Div. 317, 326; *Ex parte Des Roches*, 1 McAll. 68; *State* v. *Philpot*, Dud. (Ga.) 46; *State* v. *Scott*, 30 N. H. 274; *Corbett* v. *Hudson*, 10 Eng. L. & Eq. 318.) And it is immaterial who may institute the proceeding; the matter when once adjudicated is *res adjudicata*, although the relators may be different. (*McConologue's case*, 107 Mass. 171; Hochheimer on Custody of Infants, § 62; *State* v. *Bechdel*, 37 Minn. 360; 5 Am. St. Rep. 854; *Weir* v. *Marley*, 99 Mo. 584; *Ex parte Price*, 12 Hun, 508, 511.) Any party having the right to the custody of another may sue out the writ of *habeas corpus* as in special bail. (9 Am. & Eng. Ency. of Law, 176–78; Church on Habeas Corpus, §§ 89, 437, 440.)

II. A parent may contract as to the custody of his child, and, unless there is a clear breach of the agreement, *habeas corpus* cannot be worked to recover or hold the child, and in any event the contracting party may maintain *habeas corpus*. (*Dumain* v. *Gwynne*, 10 Allen, 270; *Byrne* v. *Love*, 14 Tex. 81; *State* v. *Barrett*, 45 N. H. 15; *State* v. *Reuff*, 29 W. Va. 751; 6 Am. St. Rep. 676; *Bonnett* v. *Bonnett*, 61 Iowa, 199; 47 Am. Rep. 810.) A judgment by a sister state, rendered by a court of competent jurisdiction, is conclusive as to the matters in controversy (*Christmas* v. *Russell*, 5 Wall. 290; Freeman on Judgments, § 563; *Morrill* v. *Morrill*, 20 Or. 96; 23 Am. St. Rep. 95, and note); and this doctrine applies to divorce proceedings and proceedings relative to the custody of children. (2 Bishop on Marriage, Divorce, and Separation, § 1139; *State*

v. *Bechdel*, 37 Minn. 360; 5 Am. St. Rep. 854.) In such a proceeding, " even though a child be removed beyond the state, the subject matter remains within the jurisdiction of the court, so that its judgment would bind the parent to whom the custody had been decreed and be enforceable in another state." (*Stetson* v. *Stetson*, 80 Me. 483; *Hammond* v. *Hammond*, 90 Ga. 527; *Leming* v. *Gale*, 128 Ind. 317.) Nor can a judgment of a court of competent jurisdiction of a sister state be attacked as fraudulent. (2 Bishop on Marriage, Divorce, and Separation, § 1568; *Christmas* v. *Russell*, 5 Wall. 290.) "So long as a judgment remains in force it is conclusive of the right of the plaintiff to the thing adjudged in his favor, and gives him a right to process, mesne or final, as the case may be to execute his judgment." (*Voorhees* v. *Jackson*, 10 Pet. 449; *Huff* v. *Hutchinson*, 14 How. 588.)

*H. W. Heiderman*, for Respondent.

PEMBERTON, C. J.—Prior to the seventeenth day of July, 1893, Joseph L. Giroux and Rebecca Giroux were husband and wife, and residents of the territory of Arizona. On that day, in a suit prosecuted by Joseph L. Giroux for that purpose, he obtained a decree of divorce in the district court of Yavapai county, in said territory, from said Rebecca Giroux. The decree, a copy of which is made part of this record, shows that the said Rebecca Giroux was personally served with process. Said decree gave to Joseph L. Giroux the custody and care of George L. Giroux, an infant child of Joseph L. and Rebecca Giroux, and she was ordered to surrender the custody of said infant to Joseph L. Giroux, the said infant, at the time of said decree, being temporarily in the state of Montana. It also appears from the record that on the eighth day of July, 1893, the said Joseph L. and Rebecca Giroux entered into a written contract in relation to the distribution of their property, and the care, custody, and support of their two infant children, by the terms of which contract the custody of the infant George L. was given and awarded to Joseph L. Giroux. Thereafter Rebecca Giroux returned to Montana, where the said George L. Giroux was temporarily residing. On the

thirtieth day of September, 1893, Joseph L. Giroux executed to the relator herein a power of attorney, authorizing him to take possession of said infant, and deliver him into the custody of Joseph L. Giroux, and to do all things necessary to be done in order to deliver said infant into the custody and possession of its father. The relator demanded the possession of said infant of said Rebecca Giroux, who refused to comply therewith, and upon such refusal the relator commenced this proceeding to obtain the custody of said infant. Upon the trial of case in the court below the respondent moved the court to quash the writ of *habeas corpus,* because the facts stated in the petition were not sufficient to warrant said writ, and because the petitioner has no right or authority to bring this action. The court sustained this motion, and entered judgment dismissing the proceeding. From this action of the court this appeal is prosecuted.

It is true that the title of the case is technically wrong. The case should have been entitled *The State of Montana ex. rel. Joseph L. Giroux* v. *Rebecca Giroux.* When the court's attention was called to this defect he should have directed the proper amendment or reformation of the title to be made. (See *State ex rel. Greenland* v. *Second Judicial District Court,* 13 Mont. 416, and authorities cited; *State ex rel. Johnson* v. *Case,* 14 Mont. 520.) In *Territory ex rel. Tanner* v. *Potts,* 3 Mont. 364, Mr. Justice Knowles commented upon the frequency of these irregularities in the practice, and expressed the hope that the profession would be more careful in such matters. Those irregularities, however, are still observable in the practice, but our courts have uniformly treated them as unimportant. The petition shows on its face that the suit was being prosecuted by relator for the benefit of Joseph L. Giroux, and all the facts stated in the petition show him to be the real party in interest. We think it was error to dismiss the proceeding on a technical objection to the petition, which the court had a right to amend on its own motion, and which should have been done in the furtherance of justice.

It is further insisted by the respondent that Joseph L. Giroux, the party in interest, could not institute and maintain this suit by his attorney in fact, Nathorst; that Nathorst is a

stranger to the proceeding, and could not institute the case. While we hold that the case should have been entitled as above indicated, we see no reason for holding that an attorney in fact could not institute the suit and make the necessary affidavit, and take such other necessary steps in the matter as an attorney in fact could do in other cases. Nathorst was the duly appointed attorney in fact of Joseph L. Giroux, to do any and all things that Giroux himself could do to acquire the possession of said infant. Giroux was, therefore, to all intents and purposes, in court, and any judgment rendered in the case would be binding as to him.

The judgment of the court below is reversed, and the cause remanded, with instructions to overrule the motion to quash the writ.

*Reversed.*

HARWOOD, J., and De Witt, J., concur.