[No. 2502. Decided October 30, 1897.]

The City of Spokane *et al.*, *Respondents*, v. Amsterdamsch Trustees Kantoor, *Appellant*.

Injunction — Right to in Actions Involving Title to Realty — Appointment of Receivers to Take Charge of Realty in Controversy — Proof of Fraud.

Where an action involves the title to real estate in the possession of defendant under claim of title, and a *lis pendens* notice has been filed by plaintiff at the time of commencing the action, plaintiff is not entitled to an injunction against defendant to restrain a transfer of the property pending the suit.

In such a case, even if the filing of a *lis pendens* notice would not operate as a complete protection of the rights of plaintiff, he would not be entitled to an injunction, unless he could show by proof that defendant was threatening to transfer, or in some way interfere with, the title to the property, or inflict some irreparable injury thereto.

A receiver *pendente lite* should not be appointed, upon motion of plaintiff, to take possession of real estate in controversy, which is in the possession of defendant under a claim of title, when it is not made to appear both that plaintiff has a strong ground of title, with a reasonable probability of ultimately prevailing, and that there is imminent danger to the property or to its rents and profits, in case the court does not interfere.

6—18 Wash.

A plaintiff is not entitled to have a receiver of real estate appointed pending action against a defendant in possession under claim of title, even if there appears strong probability of the plaintiff ultimately establishing his title thereto, when it appears that defendant is properly caring for the buildings and improvements on the land, that he is solvent and capable of responding in damages for any loss of rents and profits likely to be sustained by the plaintiff, or that he is willing and able to execute a sufficient bond to account for the rents received from the property during the litigation.

Fraud cannot be established by mere proof of negligence or failure to perform a duty, although such failure may be sufficient to establish a liability.

Appeal from Superior Court, Spokane County.—Hon. JAMES Z. MOORE, Judge. Reversed.

*Binkley, Taylor & McLaren*, and *Graves, Wolf & Graves*, for appellant.

*William H. Plummer*, and *Samuel R. Stern (Cyrus Happy*, and *W. T. Birdsall*, of counsel), for respondents.

The opinion of the court was delivered by

ANDERS, J.—The Spokane Falls Water Power Company is a corporation organized and existing under and by virtue of the laws of this state. Prior to May 20, 1895, it was the owner of certain real estate in the city and county of Spokane, upon which it appears there was a valuable water power. On that day it sold and conveyed said real estate, together with all its franchises and privileges to an alleged domestic corporation known as the Northwestern Milling and Power Company, for the expressed consideration of $150,000 in cash and 2,500 shares of the capital stock of said company of the par value of $100 each. Immediately thereafter the Northwestern Milling and Power Company executed to the Amsterdamsch Trustees Kantoor a mortgage, or deed of trust, of all the property so purchased to

secure a loan of $300,000 for the period of ten years, with interest at six per cent. per annum, payable semi-annually. Subsequently the said company erected a saw-mill upon these premises costing $50,000, and also expended the sum of $40,000 in the construction of a flouring mill, which has never been completed so as to be capable of being operated. Default was made in the payment of interest upon the amount loaned, and the appellant herein instituted proceedings in the superior court of Spokane county to foreclose its mortgage, or deed of trust. Judgment was rendered in that proceeding foreclosing the plaintiffs' mortgage and an order of sale of the mortgaged property was made by the court and delivered to the sheriff for execution. Thereafter, the property covered by the mortgage was regularly sold by the sheriff and appellant became the purchaser for the full amount of its debt and interest, and thereafter entered into possession of the premises. About this time the receiver (who had theretofore been appointed by the court) of the property and effects of the Northwestern Milling and Power Company, was proceeding to sell its equity of redemption in the mortgaged premises. At this stage of the proceedings the plaintiffs and respondents, claiming to be stockholders in the Spokane Falls Water Power Company, instituted this action on behalf of themselves, and all other stockholders similarly situated, to set aside the conveyance from the Spokane Falls Water Power Company to the Northwestern Milling and Power Company, the mortgage by the latter to appellant, the judgment in the foreclosure proceedings and the sale made by virtue thereof, and for a preliminary injunction.

The complaint is too voluminous and circumstantial to be set forth at length in this opinion, but it may be said generally that it alleged facts and circumstances tending to show that the transfer of this property was illegal, fraudu-

lent and void, and that appellant was cognizant of, and privy to, the fraud; that the sale was illegal in that the same was neither authorized by the actual stockholders of the corporation nor executed by the legal trustees; that the alleged resolution of the stockholders authorizing the sale was made by persons who were not in fact such stockholders, and that the whole scheme was conceived and carried out for the purpose of seizing and selling the property of the water power company and using the proceeds thereof for the benefit of the parties engaged in the fraudulent transaction. Upon the filing of the complaint and upon motion of the plaintiffs, an order was made by the court awarding an injunction against the defendants, and appointing a receiver of the property in question; and the court at the same time ordered the defendants to show cause at a day specified why such injunction, or restraining order, and the order appointing the receiver should not be continued in force until the final hearing of the cause. On the return day of the order to show cause, appellant appeared and filed affidavits in opposition to those filed by the plaintiffs, and asked that the said orders be vacated as to it on the ground that no case had been made against it by the allegations of the complaint or by the proof adduced before the court. The court, however, upon the hearing declined to vacate either of said orders and continued the injunction and the receiver *pendente lite*. From that portion of said orders affecting the defendant, Amsterdamsch Trustees Kantoor, this appeal is prosecuted.

The order granting the injunction is as broad and comprehensive as it could well have been made. By it the appellant was enjoined from prosecuting or taking any steps in any action or proceeding against the Northwestern Milling and Power Company except herein, from selling or interfering with any of the property or rights, franchises, or

alleged equities of redemption in the property described in the complaint, and from executing any deed or conveyance of said property, or taking any deed, or doing any act which might tend to give legal color or force to any claim, interest in, or lien upon, said property.

It is alleged in the complaint that at the time this action was commenced plaintiffs filed a *lis pendens* in the cause, and that they also at the time of the sale of the property under the decree of foreclosure gave notice of their alleged claim thereto and rights therein. As to the injunction, it is claimed by appellants, (1) that it should not have been granted for the reason that the plaintiffs' rights were fully protected by the filing of the *lis pendens* under the statute, and (2) that it should not have been issued even if the *lis pendens* did not completely protect the rights of plaintiffs because it was not shown either by the allegations of the complaint or by the proof that there was any necessity or reason for its issuance. We think that these contentions are not without force. It is conceded that the property in question is real estate, and the proof seems fairly to show that the defendants were in possession of it at the time of the commencement of this action and claiming a right to the property, and the possession thereof, by virtue of having purchased it at the sale made in pursuance of the judgment and decree of the superior court. Under such circumstances as are here disclosed, courts of equity will generally refrain from interfering with the possession of the defendant, unless it is shown that such interference is necessary in order to protect the plaintiff from irreparable injury. And in all cases the right to the relief must be clear and reasonably free from doubt. *Tongue v. Gaston,* 10 Ore. 328.

It is only when there is no other sufficient remedy that injunction will be granted. Any injury in this case that

could result to the plaintiffs from the continued ·possession of the property in controversy by appellant would be such as might result either from a sale, or an attempted trans- .fer, of the property or from the collection of the rents and profits thereof. And as to the disposition of the property by sale, we think the plaintiffs were sufficiently protected by the filing of the *lis pendens* as alleged in the complaint. See Laws 1893, p. 412, § 17 (Bal. Code, § 4887). And that being true, it follows that there was no necessity for the issuance of the injunction in this instance to restrain a transfer of the property. See High, Injunctions, § 333; *Rockford Watch Co. v. Rumpf*, 12 Wash. 647 (42 Pac. 213); *Messmore v. Stephens*, 83 Ind. 524; *Stevenson v. Fayerweather*, 21 How. Pr. 449; *Osborn v. Taylor*, 5 Paige, 515; *Waddell v. Bruen*, 4 Ed. Ch. 671; *Van Natla-Lynds Drug Co. v. Gerson*, 43 Kan. 660 (23 Pac. 1071).

But even if the filing of the *lis pendens* did not operate as a full and complete protection of the rights of the plaintiffs in the premises, still, in our opinion, the injunction should not have been issued, for the reason that, in so far as the appellant is concerned, the evidence was not sufficient to entitle the plaintiffs to such relief. The object and purpose of an injunction or restraining order is to prevent some threatened injury to the rights of the plaintiff, and it is not alleged, nor does the proof show, that this appellant is intending or threatening to transfer, accept deeds for, or in any way interfere with, the title to the property in controversy; and without such a showing the plaintiffs did not bring themselves within the law as announced by the decisions of the courts and by text writers, or within the provisions of our own statute upon the subject of injunctions. Code Proc. § 267 (Bal. Code, § 5432).

Nor do we think that a case was made against appellant authorizing the appointment of a receiver. As we have al-

ready observed, appellant was in possession of the property under a claim of title, and in such cases a receiver should not be appointed except under special circumstances. The rule is laid down by Mr. Beach as follows:

"Hence, it may be stated as a general rule, that, as against a defendant in possession, under claim of title, equity will not interfere, by appointing a receiver, in favor of a plaintiff setting up a mere legal title. There must be some special circumstances of imminent danger of loss, or of irreparable injury, or fraud, to warrant the court in interfering before the plaintiff's title has been established at law. Accordingly, in order to obtain this relief, the plaintiff must make out a case of judicial necessity, imminent danger, or fraud, unless the court takes possession." Beach, Receivers, § 480.

The same learned author in section 481 states that there are two well recognized exceptions to this rule, and when the case comes fairly within either of these, the court of equity will then exercise its discretion in appointing a receiver. The exceptions are, first, when the plaintiff's title is so clear that there is reasonable probability of his success in a court of law; and, second, when the property, or its rents and profits—the subject of the suit—seem to be in imminent danger, in case the court does not interfere.

And Mr. High, after stating the law generally on this subject, observes that

"The exceptions to the general rule . . . will be found, upon examination, to resolve themselves into two general conditions, both of which must combine to warrant a court of equity in granting a receiver as against a defendant in possession. These conditions are, first, that plaintiff must show a strong ground of title, with a reasonable probability that he will ultimately prevail; and, second, that there is imminent danger to the property, or to its rents and profits, unless the court shall interpose." High, Receivers (3d ed.), § 558.

It is also said to be the rule that

"Equity will not disturb the possession of a defendant holding under claim of legal title, by appointing a receiver when adequate redress may be had at law. In accordance with this principle, it is held where plaintiff shows no probable cause for his ultimate recovery, and where it is apparent that the filing of a notice of *lis pendens*, in accordance with the practice of the state, will operate effectually to prevent a transfer of the lands in controversy *pendente lite*, and will protect plaintiff's equitable interest therein, if any, that a receiver will not be granted." High, Receivers, § 561.

See also, 20 Am. & Eng. Enc. Law, p. 321; *Elwood v. First National Bank*, 41 Kan. 475 (21 Pac. 673); *State, ex rel. Greenland, v. District Court*, 13 Mont. 416 (34 Pac. 609); *Chase's Case*, 17 Am. Dec. 279.

While it is true that the respondents do not seek to obtain *possession* of the premises in question, they do claim an interest therein superior to that of appellant, and we therefore think that the principles announced by the authorities above cited are applicable to the case at bar. Whether the plaintiffs have made a case showing a strong probability of their ultimate recovery, is not now entirely free from doubt, but we are strongly of the opinion that it was not shown that the property in the possession of appellant was in danger of being injured or destroyed. It appears from the proofs that the buildings and improvements were properly kept and cared for by appellant, and also that the appellant is solvent and capable of responding in damages for any loss of rents and profits that might be sustained by respondents during the pendency of this litigation. But if there had been no such showing of solvency it appears from the record that appellant offered at the hearing of the order to show cause, to enter into a bond to the plaintiffs in such sum, with such conditions and with

such sureties as the court might designate, to account for the rents received from the property during this litigation; and that offer, if made in good faith, and we must presume that it was, constituted a good and sufficient reason for refusing to appoint a receiver.

It seems to be contended on the part of the respondents that the court was justified in its action upon the ground of fraud on the part of appellant. It is claimed that the agent of appellant knowingly assisted in bringing about the sale of the property to the milling company and thereby participated in the alleged fraud, and that appellant must therefore be held to have been a party to the transaction. The agent of appellant, however, has explicitly denied in his affidavit any knowledge of, or participation in, any fraud whatever, and we are unable to perceive how the mere fact, as claimed, that he ought, from an examination of certain records and documents, to have discovered the alleged fraudulent transaction between the parties to the deed can be considered as contradicting the affidavit. It appears that he examined the articles of incorporation of the two corporations, the deed of transfer, and perhaps some other papers, and passed upon the title prior to the giving of the mortgage to appellant. As a general proposition fraud can not be established by mere proof of negligence or failure to perform a duty, although a liability may sometimes be established by such failure.

Although we have carefully examined the whole record sent up in this case, we have purposely refrained from expressing any opinion or intimation as to the merits of the action. Our sole object has been to determine the questions raised by this appeal, and we feel constrained to hold that there was no legal necessity in this case either for the issuance of the injunction or the appointment of a receiver. See *Roberts v. Washington National Bank*, 9 Wash. 15

(37 Pac. 26); *Wales v. Dennis*, 9 Wash. 309 (37 Pac. 450); *Brundage v. Home, etc., Ass'n*, 11 Wash. 287 (39 Pac. 669); *Sengfelder v. Hill*, 16 Wash. 355 (47 Pac. 758).

But we think appellant should execute such a bond to the respondents as it offered to execute at the hearing, in a sum designated by the trial court, and thus avoid the possibility of a subsequent application for a receiver of the rents and profits of the property involved in the action.

The orders appealed from are reversed and the cause remanded for further proceedings.

SCOTT, C. J., and REAVIS, DUNBAR and GORDON, JJ., concur.