[No. 2424.  Decided January 26, 1897.]

JOHN SENGFELDER, *Administrator, et al., Respondents,*
v. HENRY HILL *et al., Appellants.*

RECEIVERS — APPOINTMENT IN EJECTMENT SUIT — AMENDED PLEADING
— HOW FAR PART OF RECORD.

The appointment of a receiver is unwarranted in an action involving the title, and right to rents and profits, of certain real estate, when the legal title thereto is claimed by both plaintiffs and defendants.

While an original complaint does not cease to be a part of the record by reason of the filing of an amended complaint, nevertheless the plaintiff cannot avail himself of any allegations contained in the original complaint, although his adversary may.

Appeal from Superior Court, Spokane County.—
Hon. JESSE ARTHUR, Judge.  Reversed.

*A. G. Avery,* and *Blake & Post,* for appellants.
*Plummer & Thayer,* for respondents.

The opinion of the court was delivered by

GORDON, J.—Plaintiffs in the court below (respondents here) brought this action to recover possession of certain real property described in the complaint, located in the city of Spokane, and for damages and a receiver, *pendente lite,* to take charge of the property and collect the rents, etc.  Upon the property in dispute there is a large, four-story building, occupied by numerous tenants.  The amended complaint alleges that the respondents are the owners in fee and entitled to the possession of the property, that the appellants, without right or title, entered into possession of it, and unlawfully withhold possession, to plaintiff's damage in the sum of $25,000.  Thereafter, and within the time in which the appellants were by law per-

mitted to answer, and prior to any answer, respondents moved for the appointment of a receiver. A hearing was had and a receiver appointed to take charge of said property. The defendants appeal.

In opposition to the motion for the appointment of a receiver, the appellants introduced numerous affidavits to the effect that appellants Breslauer, Wise and Ostroski were the owners in fee of the property in dispute; that they derived title by deed of general warranty from respondent C. W. Carson, to whom they had paid $110,000 as purchase price thereof; that pursuant to such purchase they entered into possession of the property, and had been in actual, open and notorious possession thereof, and of the whole thereof, for upwards of three years prior to the commencement of the action; that their co-defendants and appellants were their tenants; that the legal title to said premises of record in the office of the auditor of said county was in said appellants Breslauer, Wise and Ostroski; that they were solvent and abundantly able to respond in damages, if damages should be awarded against them. No other proof of title in either party was offered or received upon the hearing. It would seem to require little argument to demonstrate that the order appointing a receiver, under the circumstances, was unwarranted.

"The rule seems to be universal in this country and in England that whenever the contest is simply a question of disputed title to the property, the plaintiff asserting a legal title in himself against a defendant in possession and receiving the rents and profits under a claim of legal title, equity refuses to lend its extraordinary aid by interposing a receiver, just as it refuses an injunction under similar circumstances, leaving the plaintiff to assert his title in the ordinary

forms of procedure at law." *Rollins v. Henry*, 77 N. C. 467.

See, also, 3 Pomeroy, Equity Jurisprudence, (2d ed.), § 1333; High, Receiver's, (3d ed.), § 553 *et seq.*

In *Brundage v. Home, etc., Association*, 11 Wash. 277 (39 Pac. 666), this court said:

"Courts will not appoint a receiver except when it is necessary either to prevent fraud, protect property from injury or preserve it from destruction, and mere allegations of these facts are not sufficient to authorize a court to appoint a receiver."

It appears from the transcript that, in the original complaint in the action, plaintiff's title is set out with particularity, and it is contended that the court below based its order in part upon this original complaint. The motion for the appointment of a receiver was based upon the records and files, and it is further contended that the original complaint was a part of said record. While it is undoubtedly true that for certain purposes an original complaint does not cease to be a part of the record, even though an amended complaint be subsequently filed, nevertheless the plaintiff cannot avail himself of any allegations contained in the original complaint. When he elects to amend and does amend, he must stand upon the case as stated in his amendment. Section 222 of the Code of Procedure provides that when any pleading is amended it shall be done by filing a new pleading, and " such amended pleading shall be complete in itself, without reference to the original, or any preceding amended one." While in a proper case his adversary might avail himself of matter contained in an original complaint, we think it cannot be invoked by plaintiff in his own behalf.

No proper case was made for the appointment of a receiver herein, and the order appealed from will be reversed.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.