(November 8, 1897.)

# WOODDY v. JAMESON.

[50 Pac. 1008.]

EXECUTION SALE—JUDGMENT DEBTOR MAY DIRECT WHICH PARCEL TO BE FIRST SOLD.—Section 4484 of the Revised Statutes provides that the judgment debtor may direct the order in which different parcels of property levied on shall be sold under execution. J., the judgment debtor, at a sale under execution, directed that one of two parcels of land levied on should be first sold, but the sheriff disobeyed said direction. The defendant moved to set aside the sale. *Held,* that the sheriff had no authority to sell, except in the order that the judgment debtor directed, and that the sale was properly set aside.

HOW JUDICIAL SALE SET ASIDE.—The proper remedy to set aside a judicial sale which has been wrongfully made, prior to the making of the sheriff's deed, is by motion in the principal action, notice of which must be served upon the adverse party and upon the purchaser.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellant.

The court had no jurisdiction to hear the motion to set aside the sale herein on the grounds upon which the same was based, for the reason that the motion to set aside the sale was based on the pretended fact that a part of the premises described therein constituted a homestead, and that the court has no jurisdiction to determine the homestead character of premises on affidavits. The fact of whether or not the premises constitute a homestead is to be determined upon a trial the same as any other question of fact, and we deny the authority of the court to determine such a question in this summary manner. It is a question of property, and a party has no greater right to insist that such a question shall be tried upon affidavits than he has to insist whether a debt is or is not secured by mortgage or whether certain lands shall be subject to a lien of any kind. The constitution of Idaho provides but one way of trying issues of fact, and that manner of trial applies to all such issues. (Idaho Const., art. 5, sec. 1.)   The question of determining

the homestead character of property upon affidavits has been decided adversely to respondents in *Mason v. Lieuallen,*. 4 Idaho, 415, 39 Pac. 1117. The regularity of the sale is sought to be attacked by Lucinda Jameson, a stranger to the record, and we submit this cannot be done. (*Kelly v. Dunlap,* 7 Cal. 160 (162).) The proceedings in this matter are clearly shown to be by motion. We think that it is well settled that one who is not a party to a proceeding cannot make a motion therein. (*Estate of Aveline,* 53 Cal. 259; *Ollis v. Kirkpatrick,* 3 Idaho, 247, 28 Pac. 435.) .

George W. Goode, for Respondent.

Where the sale has been made upon execution, and the execution creditor or his assigns becomes the purchaser, and where no deed has been executed and the property purchased has not been transferred by the purchaser to a third person, a motion made in the case in which the sale was made is proper practice. Courts will gladly rectify a wrong, and when a wrong has been committed all they desire is a chance to rectify the wrong, whether it be brought to the court's attention under the title of a motion or by a bill in equity. (Freeman on Executions, 2d ed., sec. 308 et seq.; *San Francisco v. Pirley,* 21 Cal. 57; *Reynolds v. Harris,* 14 Cal. 668, 76 Am. Dec. 459; *Bryan v. Berry,* 8 Cal. 130; *Day v. Graham,* 1 Gilm. (Ill.) 435; *Boles v. Johnston,* 23 Cal. 226, 83 Am. Dec. 111.) A creditor having an inferior lien upon property, upon which another creditor has a lien as well as upon other property, may undoubtedly have the assets of a debtor marshaled so as to prevent the one having a first lien exhausting the property upon which the second lien exists, but when that portion of the premises is embraced in a homestead declaration upon which the party holding the inferior lien has no lien, such creditor has no right to marshal the assets so as to in any manner affect the homestead. The party holding the superior lien, which lien is upon homestead premises in connection with other property, has no right to sell the homestead premises first, and especially is this true when the execution debtor, as in this case, requests it sold otherwise. This being true, the party holding an inferior lien cannot have the homestead sold first. (1 Wait's Actions and

Defenses, 352; Freeman on Executions, 2d ed., sec. 440; *Mc-Laughlin v. Hart,* 46 Cal. 638; Story's Equity Jurisprudence, secs. 560, 642; *Brown v. Cozard,* 68 Ill. 178; *McArthur v. Martin,* 23 Minn. 74; *Colby v. Crocker,* 17 Kan. 527.)

QUARLES, J.—May 21, 1894, the plaintiff Wooddy commenced this action against the defendant, L. D. Jameson, to recover a debt, and obtained an attachment, which was then levied upon certain real estate situated in the city of Moscow, Latah county, occupied by the defendant and his wife as a residence, and also on certain farm lands, consisting of ninety-eight acres, situated in Latah county. On December 21, 1894, plaintiff recovered judgment against the defendant for $900 and costs. On December 22, 1894, the defendant, L. D. Jameson, executed, acknowledged, and had recorded in due form his declaration of homestead claiming the city property, occupied as a residence, as his homestead under the statute in such cases made and provided. On December 22, 1894, the First National Bank of Moscow commenced an action against the defendant, L. D. Jameson, to recover a debt, and obtained an attachment which was levied upon the said ninety-eight acres of farm land. On February 26, 1895, the said bank recovered judgment against the said defendant for $542, upon which an execution was issued May 11, 1895, under which execution the said farm lands were sold at sheriff's sale, June 15, 1895, and bid in by said bank. An execution was thereafter, July 30, 1895, issued in this action upon the judgment in favor of the plaintiff, under which execution the sheriff advertised the said residence and farm lands for sale, the sale to take place on August 31, 1895, on which day, and prior to the sale, the defendant, L. D. Jameson, served a written notice on the sheriff, requiring the said sheriff to first sell the said farm lands before selling the homestead under the execution of plaintiff. Thereupon, and before the sale took place, the First National Bank, as plaintiff, commenced an action for injunction against the said sheriff and one J. F. Cropp, to whom the plaintiff in this action had assigned his said judgment, but to which last action the defendant, Jameson, was not made a party; and in this action the honorable district judge of the second judicial district made an

order for an injunction enjoining and restraining the said sher-
iff and the said Cropp from selling the said farm lands under
said execution, until after they had first sold the said residence
property or homestead. No writ of injunction issued, but the
order for the injunction appears to have been served upon the
sheriff. Thereupon the sheriff proceeded to sell, under the said
execution, the said homestead of the defendant, which was bid
in by one K. O. Skattaboe for the sum of $700, and thereupon
the said sheriff sold the said farm lands, which were bid in by
one J. H. Horton for the balance due on the judgment in this
action, $425, but which said Horton never paid; the sale oc-
curring August 31, 1895. On the third day of September, 1895,
the defendant, L. D. Jameson, and his wife, Lucinda Jameson,
served notice of motion and petition to set aside the sale of
said homestead on the said sheriff, K. O. Skattaboe, the First
National Bank, and on the attorneys for the plaintiff, Forney,
Smith & Moore, who were also attorneys for the said bank and
the said Skattaboe, and which motion was afterward heard in
open court on evidence introduced by the said Jameson orally,
and affidavits on behalf of the said Skattaboe, and the said mo-
tion was sustained, and the said sale was set aside. From the
order setting aside the sale of the homestead the said K. O.
Skattaboe and the said First National Bank appeal to this court.

The appellants rely principally upon two grounds for a re-
versal of said order, to wit: 1. That the remedy sought by the
defendant could not be attained by motion, but, if at all, only
by suit; 2. That the proceeding to set aside the said sale was
a collateral attack upon the said injunctional order, and the
court had no jurisdiction to hear and determine said motion.
We think that neither of these grounds are tenable. The proper
remedy to set aside a judicial sale which has been wrongfully
made, prior to the execution of the sheriff's deed, is by motion
in the principal action. Notice of the motion should be served
upon the adverse party and upon the purchaser. This was done
in the case at bar. (*Boles v. Johnston,* 23 Cal. 226, 83 Am.
Dec. 111; *Dorland v. Smith,* 93 Cal. 120, 28 Pac. 812.) While
there were many questions of fact raised on the motion, and
passed on by the court in its findings, there was no material
question of fact at issue. In the affidavit or petition (some-

times called petition and sometimes affidavit in the record)
which was served with notice of the motion it was expressly
set forth that at the time of the sale the defendant, who was
present, by writing directed the sheriff to first sell the farm
lands, and this averment of fact was nowhere controverted, but
expressly admitted, on the trial of the motion. Under section
4484 of the Revised Statutes, the defendant had the right to
direct the order in which the property levied on should be sold.
Having done so, the sheriff had no authority to sell the home-
stead until he had first sold the farm lands. But it is argued
that the said injunctional order directed the sale of the home-
stead to be first made. To this we say that said injunctional
order was void as to the defendant, and did not deprive the de-
fendant of his said statutory right, the same having been made
in an action to which the defendant was not a party. The
sheriff should have respected the said injunctional order by sus-
pending the sale of both parcels of land levied upon until the
matter should be finally determined by the court, and all inter-
ested parties had had their day in court. The doctrine of mar-
shaling securities is well established, and fully recognized. The
injunction suit brought by the bank was an attempt, indirectly
made, to marshal the securities between creditors in an action
to which the principal party interested, the common debtor,
was an entire stranger. Such practice is not recognized or tol-
erated, either in law or in equity, and parties who attempt such
practice deserve severe censure. The sale of the farm lands
under the bank's execution was subject to the lien of the
Wooddy attachment and judgment. Under the statute the sale
of the homestead was void, because the sheriff did not sell the
property in the order directed by the defendant. The lower
court properly set the sale of the homestead aside, and the order
appealed from is affirmed, with costs to the respondent.

Sullivan, C. J., and Huston, J., concur.