[No. 3228.     Decided October 3, 1899.]

GRAY'S HARBOR BOOM COMPANY, *Appellant*, v. M. McAMMANT *et al.*, *Respondents*.

BOOM COMPANIES—RIGHT TO COLLECT TOLLS.

The mere construction of a boom across a stream does not entitle the boom company to tolls on logs going through, when it performs no services in connection therewith, since Bal. Code, § 4391, authorizes such companies to charge tolls only in cases where requested by the owners to sluice, sack and drive their logs; and, in cases when not requested, where the logs lie in such position as to impede the drive.

COSTS—WHEN SEPARATELY TAXED IN CONSOLIDATED ACTIONS.

The consolidation, for the purposes of trial, of separate actions by the same plaintiff against separate defendants, for the foreclosure of various liens for booming logs, does not affect the rights of the several defendants to recover statutory costs in each of the original cases so consolidated.

SAME—WITNESS FEES.

Where some of the defendants in separate actions, which have been subsequently consolidated for trial, are subpœnaed as witnesses by another defendant in one of the cases thus consolidated, the party subpœnaing them is entitled, on a judgment in his favor, to tax costs for the attendance of such witnesses.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Affirmed.

*N. W. Bush,* for appellant.

*George D. Schofield,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellant is a corporation organized under the laws of the state of Washington relating to the incorporation of boom companies (§§ 4378-4394, Bal. Code). It has constructed at the mouth of the Humptulips river, in Chehalis county, at a point where the tide ebbs and flows, a boom commencing on the right bank of the stream and extending diagonally across to within about fifty feet of the left bank. The remaining space has across it a piece of timber called a "gap stick," which is so arranged as to be opened and closed at the pleasure of the operators of the boom. The space covered by the gap stick furnishes the only means of passing through the boom, and, when closed, the boom will stop and catch all logs, or other timber products, that float down the river. At different times during the months of June and July, 1897, one McHugh drove rafts down the river, and through the boom of appellants by passing them through the opening made by removing the gap stick, using his own forces and appliances in performing the work. The logs rafted were owned by different persons. The appellant, claiming that it is entitled to collect boomage charges upon all logs that pass through its boom, and that it has, by virtue of the statute, a right of lien upon all of such logs for the amount of such charges, caused liens to be filed and recorded upon the logs for the charges claimed, and in due time brought its several actions to foreclose the same. For the conveniences of trial in the court below, the actions were consolidated, and at the conclusion of appellant's case a non-suit was granted, and a judgment for costs against appellant and of dismissal in each of the cases entered.

It is not claimed that the appellant was requested to perform, or that it did perform, any services of any kind

upon the logs for which its liens were filed. Its claim to a right of lien is based upon the proposition that its boom constitutes an improvement of the stream, and that it has, under the statute, because of having improved the stream, a right to exact the tolls prescribed by the statute from every person who rafts logs or other timber products down the same. The statute does not bear this construction. By § 4391, Bal. Code, it is provided that,

"After such corporation shall have entered upon its duties, which shall be within three months of the time of its filing of its maps of location, such corporation shall, upon request of owners, and in case of logs and other timber products lying in such position as to obstruct or impede the drive, without such request, sluice, sack and drive all logs and timber products of suitable length that may be placed in the beds of the river improved as aforesaid or that may be delivered into its ponds,"

and may charge for such services reasonable and uniform tolls, not to exceed sixty cents per thousand feet, board measure, which charges may be secured by filing a lien upon the logs, and other timber products so handled. This section limits the right of lien to those cases where the corporation "sluices, sacks or drives" logs, or other timber products, either at the request of the owners, or where such services must be performed from necessity. It seems not to have been contemplated by the legislature that the right of lien should follow from the mere fact that the stream is used by others for the purpose of rafting logs after the boom company has made its improvements. At least such are not the terms of the act, and the right, being purely statutory, will not be extended by construction beyond the plain import of the language used. It is argued that the case of *East Hoquiam Boom & Logging Co. v. Neeson,* 20 Wash. 142 (54 Pac. 1001), is contrary to this view, and sustains the appellant's contention. While this court, in the case cited, argued that the legislature had power to

provide that a boom company might enter upon and improve an unnavigable stream, and thereafter exact reasonable tolls from persons who might choose to use the same, it did not decide that the legislature had done so by the act in question. In that case it was made to appear that the boom company had entered upon an unnavigable, nonfloatable stream and had, by the removal of fallen trees, snags, roots, jams of logs, and other obstructions, and by the erection and repairing of dams, made the stream floatable for the purpose of driving logs down to tide water at all seasons of the year, and had expended for such purpose a sum approximating $20,000; that it kept the stream clear of obstructions, the expense of which amounted to several hundred dollars annually; that the respondent in that case had permitted certain of his logs to float down the stream into the company's boom, at which time there were other logs lying therein, belonging to different persons, which the owners desired should be driven to tide water and which could not be so driven without also driving the respondent's logs; that the boom company notified the respondent to remove his logs, and upon his refusal to do so was forced to drive them from necessity. The boom company thus not only brought itself within the spirit, but also within the letter, of the statute, and, holding the statute to be constitutional, as we did, the right of lien for the services rendered followed as of course from its very terms. In the present case no such facts are shown. Here no services of any kind were performed upon the logs for which a lien could be filed, and this fact marks the distinction between the cases.

In the taxation of costs the court allowed the respondents to recover the statutory costs; that is, the fees of the clerk for entering judgment and an attorney's fee of $10 in each of the several cases. It is objected that inasmuch as the actions were consolidated, but one such fee should

be allowed. This objection is not tenable. The consolidation was but for the purpose of the convenience of the parties at the trial, and did not have the effect of making them one action in the sense that only one judgment should be entered. Having been begun as separate and distinct actions affecting separate and distinct persons and property, separate judgments were required, and each of the defendants was entitled to the statutory costs awarded him.

In the case against McAmmant certain of the defendants in the other cases attended as witnesses, and it was urged that the court improperly allowed judgment against appellant for their witness fees. It appears that they were regularly subpoenaed by McAmmant and attended upon the court during the trial of the case against him. They thus had a valid enforcible claim against McAmmant for their attendance, and judgment in McAmmant's favor for such sums as they were entitled to under the statute was properly allowed him.

Finding no error in the record, the judgment is affirmed.

GORDON, C. J., and ANDERS, DUNBAR and REAVIS, JJ., concur.