CASE 89—ACTION TO SET ASIDE EXECUTION SALE—JANUARY 16.

# Bach v. Whittaker.

APPEAL FROM BREATHITT CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

EXECUTION—MOTION TO SET ASIDE SALE—JURISDICTION.

Held:   1. Under Kentucky Statutes, section 1710, an execution sale can not be set aside upon motion unless it was made by fraud, covin, or collusion.

2. Though Kentucky Statutes, section 1710, provides that a motion to set aside an execution sale must be made in the court whence the execution issues, yet where a sale was made under an execution from a Circuit Court, and also an execution from the court of Appeals, the Circuit Court has jurisdiction of a motion to set aside the sale.

W. W. VAUGHN, JOHN E. PATRICK AND J. J. C. BACH, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. A sale of land under several executions from different courts, although made by fraud, covin, or collusion, can not be set aside by notice, but must be done by petition in equity. Ky. Stats., secs. 1710-1712; Laurence v. Edelen, 6 Bush, 56; Reid v. Hensley, 9 Dana, 327.

2. A notice in a summary proceeding must state the nature and grounds of the motion. Civil Code, sec. 446.

Bach v. Whittaker.

3. A notice, to set aside the sale of land under execution, that does not describe the land sold, nor set out the officer's return that is sought to be quashed, states no cause of action.

4. Permitting an amendment to be filed over the objection of the adverse party, that does not cure the defects in a pleading to which a demurrer has been sustained, is in effect overruling a demurrer to the pleading as amended.

5. A sale can not be set aside for any reason not stipulated in the notice. Ky. Stats., 1710, 1713.

6. A sale of land under execution can not be set aside on notice after the purchaser has acquired a deed of conveyance, but must be done by petition in equity.

7. It is the policy of the law to uphold judicial sales.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

This proceeding was instituted by the appellee, Whittaker, against the appellant, Bach, by notice, under section 1710, Kentucky Statutes, which reads as follows: "Sales made under execution by fraud, covin or collusion may be set aside on motion of any person aggrieved, or by petition in equity: (1) If by motion, it must be commenced within one year from the sale. (2) It must be made in the court whence the execution issued." It appears that certain executions were issued against the appellee, Whittaker, from the office of the clerk of the Breathitt Circuit Court, and certain other executions were issued from the clerk's office of this court; that the executions were levied upon a certain tract of land situated in Breathitt county; that it was sold under the executions, at which sale Bach became the purchaser. Numerous acts of the plaintiff in the executions and of Bach were charged in the notice to have been fraudulent, some of which may be summarized as follows: (1) That they prevented the deputy sheriff from informing the appellee that he had in his hands for collection the executions, and also prevented that officer from giving him an opportunity to re-

plevy the executions; (2) that they fraudulently procured him to sell the land without making a valid levy; (3) that they fraudulently procured him to advertise the land in the manner provided by law; (4) that the appellee had other land in the county subject to execution, but was not given an opportunity to designate which tract should be levied upon; (5) that they fraudulently prevented him from offering the land for sale, etc.; (6) that the land was sold at a ruinous sacrifice because of their fraud; (7) that they fraudulently procured the sale of the land for the purpose of cutting the appellee off from the public road.

We will consider the questions in the order stated. The appellee was informed by the officer that the executions were in his hands for collection, and he knew the sales were to take place, because he had an attorney representing him at the sale. He does not seem to have either offered to pay or replevy either of the executions. The officer was upon the land upon which he levied, and properly posted notices of sale, including one upon the land levied upon. Neither the plaintiff in the execution nor Bach had anything to do with making the levy or advertising the property for sale. It appears upon the trial of the motion that the appellee had no other land subject to execution except that which was sold. He did not have legal title to certain other tracts of land which he claims to own. Besides, he had an opportunity to have offered to substitute for sale, in lieu of the tract that was sold, other tracts, but did not even do that. The land was, so far as this record shows, properly offered for sale, and the crying at the sale was in the usual way; hence the plaintiff in the execution and Bach were not guilty of any fraudulent conduct.

If the property was sold at a sacrifice, this record fails to disclose any act of plaintiff in the execution or Bach which caused it.

There is no evidence tending to show that the plaintiff in the execution or Bach had any purpose to cut the appellee off from the public road. All that Bach did was to place the executions in the hands of the officer, with the description of the property sold, with an order to levy upon it, and to bid on the property at the sale.

In order to maintain the summary proceeding provided under the statute, it must be shown that the sale was by fraud, covin or collusion, and there is a failure to establish either. There is no averment in the notice that there was either fraud or mistake in the appraisement of the property. On the trial of the motion, however, there was some proof offered which tended to show that the appraisers had made a mistake in the appraisement of the land sold. They appraised only part of the tract that was sold, but this was the result of mistake, not fraud. If the plaintiff has a right to redeem the land from the sale because of the mistake in the appraisement, he will be compelled to go into a court of equity to have the matter determined, but as to whether he would be entitled to such relief we express no opinion, as the question is not before us.

It is urged by the appellant that the Breathitt Circuit Court did not have jurisdiction to pass upon the question as to whether the sale under the executions from the clerk's office of this court was by fraud, covin or collusion. It is true that the statute provides that the motion must be made in the court whence the execution issued. In this case, however, we find that some of the executions were issued from a court of original jurisdiction, while

some of them were issued from the clerk's office of a court of appellate jurisdiction. The Legislature could not have contemplated that, where land was sold under executions from different courts in different counties, a proceeding should be instituted in the court of each county to set aside the sale. It seems to us the proceeding was properly instituted by the Breathitt Circuit Court. The statute should have been given a reasonable interpretation, and it would not be a reasonable one to hold that the intention of it was to require as many actions as there might be different courts from whence executions issued. The judgment is reversed for proceedings consistent with this opinion.