[No. 4435. Decided October 3, 1903.]

# UNION BOOM COMPANY, *Respondent,* v. SAMISH BOOM COMPANY, *Appellant.*[1]

RECEIVERS—APPOINTMENT TO COLLECT RENTS—GROUNDS—SUFFICIENCY OF SHOWING. In an action to recover the possession and rents and profits of tide lands at the mouth of a river claimed for booming purposes and adversely held by a rival company, the appointment of a receiver *pendente lite* is not warranted by a showing of plaintiff's legal title, that plaintiff had lost a profit of $15,000 on logs boomed by defendant by being kept out of possession, that defendant's capital stock was only $2,000, and it had no property from which damages could be collected, where there was no showing that logs would be boomed during the pendency of the suit, or that plaintiff would be entitled to the tolls thereon through contracts with the owners, or that it had the necessary appliances for booming purposes, or that defendant was mismanaging or injuring the property in dispute.

SAME—LEGAL TITLE OF PLAINTIFF. Proof of a valid legal title in the plaintiff is insufficient in itself to warrant the appointment of a receiver without a showing of imminent danger or loss of rents and profits by reason of the mismanagement or insolvency of the defendant.

SAME—DISCRETION—REVIEW. The discretion of the trial court upon appointing a receiver is not absolute, and the proofs will be examined, and the decision reversed if there is a clear preponderance of the testimony against it.

Appeal by defendant from an order of the superior court for Skagit county, Joiner, J., entered September 15, 1902, appointing a temporary receiver upon the application of plaintiff in an action of ejectment, after a hearing on oral testimony and affidavits. Reversed.

*Million & Houser,* for appellant.

*Elihu R. Sherman,* for respondent.

[1]Reported in 74 Pac. 53.

ANDERS, J.—On March 13, 1900, the appellant was organized as a corporation under the laws of this state relating to the organization, management, and control of boom companies, and ever since said date has been doing business as such in Samish river and tide waters adjacent thereto. Its boom works are located near the mouth of the river, and partly on tide lands, which, at the time the company filed its articles of incorporation and plat or survey of appropriation, as required by law, and commenced business, belonged to the state. On or about March 13, 1901, the respondent was also duly organized as a boom company under the laws of this state, and in due time it filed its plat of appropriation, which, as we understand it, covers the territory occupied and used by the appellant, and which was designated on its plat of appropriation. The appellant's works are situated on and along the north shore or bank of the river. On May 23, 1901, the respondent purchased from the state the tide lands occupied and used by appellant on the north side of the river, as well as the tide lands on the south side thereof at its mouth, for the purpose, it is asserted, of using the same for a boom site; but it is admitted that it has done no business as a boom company since its organization. It appears from the evidence that all the timber which has come down the Samish river since the incorporation of the appellant has been caught, held, and rafted by that company, and that the greater part thereof has been the timber of two of the officers and stockholders of the company, the residue having been taken charge of and handled under contract with the owners.

In the month of April, 1902, the respondent herein brought this action against the appellant to recover the possession of the tide lands occupied and used by the lat-

10-33 WASH.

ter.    The complaint alleges, in substance, among other
things, that the plaintiff has a valid subsisting interest in
the following described real estate (describing it), by vir-
tue of a contract with the state of Washington for the pur-
chase of the same, duly executed by the proper officer of
the state, and delivered to plaintiff on May 23, 1901; that
ever since May 23, 1901, the plaintiff has had, and now
has, the right to the immediate possession of said real es-
tate, and at no time in the complaint mentioned has the
defendant had or acquired any interest in, or been entitled
to the possession of, said real estate, or any part thereof;
that the defendant is, and since May 23, 1901, has been,
in possession of and using and occupying said real estate
unlawfully, without right, and adversely to the plaintiff,
and has been withholding the possession thereof from the
plaintiff; that during all the time since May 23, 1901,
the plaintiff has been kept out of the possession of said
real estate, and has thereby lost the use and occupation
thereof, and the rents and profits thereof, and defendant
has had the use thereof, and the rents and profits there-
from, to the damage of plaintiff $15,000.

The other allegations of the complaint are to the effect
that the plaintiff and defendant are corporations organized
and existing under and by virtue of the laws of the state
of Washington.    The prayer of the complaint is for a
judgment and decree that plaintiff has a valid subsisting
interest in, and is entitled to the possession of, the real
estate described in the complaint, and that the defendant
has no interest therein; that plaintiff recover the posses-
sion of said property; and for $15,000 damages, together
with its costs and disbursements.

It will thus be seen that the plaintiff is endeavoring, in
its action of ejectment, to recover not only the possession

of real estate, but also the rents, issues, and profits thereof. But we have no occasion, in this proceeding, to determine any question of pleading or practice.    We have stated the contents of the complaint simply for the purpose of making more plain than they otherwise would appear the matters which were before the lower court at the time the order appealed from was made.

At the time of filing its complaint, the respondent filed the affidavit of its president, and thereupon asked the court to appoint a receiver of the property described in the complaint to take possession of, manage, and care for the same during the pendency of the action.    On May 20, 1902, the application for the appointment of a receiver came on for hearing, and, after the testimony on the part of respondent was closed, appellant challenged the sufficiency of the complaint, application, and proof, to authorize the appointment of a receiver, and, upon the same being overruled, introduced its testimony in opposition to the application.    On the trial the affidavits filed by the respective parties were by stipulation treated as testimony in the cause, and they have been transmitted to this court as part of the record.    At the close of the testimony appellant again challenged the complaint and the legal sufficiency of the evidence.    The court overruled these objections, and thereafter made and entered an order appointing a receiver, and directing the receiver so appointed to take charge of the property, and manage and control the same, subject to the order of the court, until final judgment in the action.    The defendant has appealed from the order and ruling above mentioned, and alleges that the court erred in making the same.

It is contended by the appellant that neither the complaint nor the affidavit filed by the respondent at the time

it applied for the appointment of a receiver states facts sufficient to justify the action of the court in appointing the receiver. There is no allegation, as we have seen, in the complaint itself, of any fact or facts authorizing the appointment of a receiver; and, if the affidavit filed by the respondent in support of its application does not set forth sufficient facts for such appointment, it would seem to follow that the objections of the appellant to the application should have been sustained.

The only material allegations in the affidavits presented by the respondent, except those showing respondent's interest in, and ownership of, the lands in question, are, that plaintiff (respondent) became entitled to possession of said lands on May 23, 1901, and has several times demanded possession thereof from the defendant (appellant); that since May 23, 1901, about thirty million feet of lumber and timber have come down the Samish river across said lands, and plaintiff would have been prepared to boom, catch, sort, hold, and raft said timber, had it not been kept from the possession of said lands by defendant; that plaintiff would have made a net profit of at least $15,000 from holding, assorting, booming, and rafting said timber, had it not been kept from the possession of said lands by defendant; that deponent believes that defendant has absolutely no rights on said lands, and is holding possession of the same with the intention of keeping plaintiff out of the possession thereof as long as possible, without intending to make any compensation for their use;. that defendant has a capital stock of only $2,000, and deponent can discover and knows of no property that it has from which plaintiff could collect the damages it has already sustained in the premises; and, if defendant continues in possession of said property during the pendency of this

action, plaintiff will be still further damaged, and said damage will be entirely irreparable, as plaintiff will have no way of recovering the same.

It must be borne in mind that respondent's application was for the appointment of a receiver *pendente lite,* and it seems to us that this affidavit is clearly insufficient of itself, or as supplemented by the complaint, to warrant the appointment of a receiver.   It will be observed that it does not show how or why plaintiff will sustain any damage during the pendency of the action, the allegation regarding such damage being merely that, "if defendant continues in the possession of said property during the pendency of this action, plaintiff will be still further damaged, and said damages will be entirely irreparable, as plaintiff will have no way of recovering the same."   This is merely a statement of a legal conclusion, without any averment of facts upon which such conclusion was predicated, and conclusions are no more permissible in affidavits, such as that now under consideration, than they are in ordinary pleadings.   High, Receivers (3d ed.), §§ 88, 89.

Nor is it alleged in this affidavit that any timber will come down the river to be caught and boomed, pending the action, or that any tolls or charges will be collected in which respondent is interested, or to which it will be entitled.   And a receiver *pendente lite* manifestly could not take charge of tolls earned and received by appellant prior to such receiver's appointment.   Neither is it shown with any degree of certainty that the respondent would have received the $15,000 mentioned in the affidavit, even if it were conceded that that matter was a proper one for consideration upon the hearing of the application.   As a general rule, a boom company in this state can only collect toll on timber which passes into its boom by virtue of an

agreement with the owner or by his consent.  *Gray's Harbor Boom Co. v. McAmmant,* 21 Wash. 465, 58 Pac. 573; *Washougal River, etc. Co. v. Skamania Logging Co.,* 23 Wash. 89, 62 Pac. 450.    And there is no showing in the affidavit in question that the respondent would have had the right to collect any tolls during the pendency of the action by reason of any contract, either on its part, or that of the appellant; and, moreover, in order to enable the respondent to collect tolls at all, for booming or rafting timber, it would first be necessary for it either to erect the necessary appliances itself, for booming purposes, or to take charge of and manage the boom works already constructed and in use by appellant.    It could not do the latter directly, and it therefore applied to the court for the appointment of a receiver to manage the works and business of the appellant.    And in its affidavit it failed to show or to allege that the appellant was mismanaging, wasting, or injuring the property in dispute.    We think the affidavit was insufficient as a basis for the appointment of a receiver, and that the objection thereto should have been sustained.

It is claimed, however, by the learned counsel for the respondent, that at the final hearing of the application for the appointment of a receiver the respondent made a strong showing of title to the property, with a reasonable probability that it will succeed in its ejectment suit, and that there was imminent danger to the property, or to its rents and profits, unless the court should interpose, and that these two conditions, according to the decision of this court in *Spokane v. Amsterdamsch Trustees Kantoor,* 18 Wash. 81, 50 Pac. 1008, fully warranted the conclusion of the superior court.

No doubt the showing as to the first "condition" was sufficient, but we think the great preponderance of the

evidence is to the effect that there was no imminent danger either to the property or the rents and profits recoverable by the respondent.    There was no showing whatever that the *land* was being, or would be, injured by the appellant; nor was it satisfactorily shown that appellant was, or is, unable to pay the rental value of the premises during the time of its occupancy of the same, which would, in any event, be the measure of damages.    In fact, the proof tends strongly to establish the fact that appellant is able to respond to any judgment that may be rendered against it for the rental value of the property.    And therefore there was no necessity for the appointment of a receiver. In actions for the possession of real property, the appointment of a receiver amounts, "in effect to a complete ouster of the defendant, by taking away from him the subject-matter of the litigation, without trial or judgment.    And in such case, a valid legal title in the plaintiff is not of itself a sufficient ground for the relief."    High, Receivers, § 575.

In an action of this character, a receiver may properly be appointed where there is imminent danger of loss of rents and profits by reason of the mismanagement and insolvency of the defendant in possession, and where the legal title to the property appears to be in the plaintiff. High, Receivers, § 546.    Under our statute a receiver may be appointed in an action at law when it is shown that the property, fund, or rents and profits in controversy, are in danger of being lost, removed, or materially injured, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties.    Bal. Code, § 5456, subd. 3 and 4.    And this court has often held, in effect, that a receiver will not be appointed except when it is necessary either to prevent fraud, protect the property in liti-

gation from injury or destruction, or prevent its removal during the pendency of the action.     See *Brundage v. Home Savings & Loan Ass'n,* 11 Wash. 277, 39 Pac. 666; *Sengfelder v. Hill,* 16 Wash. 355, 47 Pac. 757, 58 Am. St. 36; *Spokane v. Amsterdamsch Trustees Kantoor,* 18 Wash. 81, 50 Pac. 1008.

But it is insisted by counsel for respondent that, under the statute above mentioned, the appointment of a receiver is a matter committed to the sound discretion of the trial court, and such appointment will not be disturbed on appeal unless it appears by a clear preponderance of the evidence to have been unwarranted; and *Cameron v. Groveland Imp. Co.,* 20 Wash. 169, 54 Pac. 1128, 72 Am. St. 26, and *Roberts v. Washington Nat. Bank,* 9 Wash. 12, 37 Pac. 26, are cited in support of his contention.     And it is true the decisions in those cases are substantially in accordance with the propositions announced by counsel.     In the case last cited the court said,

"But the appellate court must examine such proofs for the purpose of determining whether or not there is such a clear preponderance against the determination of the lower court."

and this language was quoted and approved in the *Cameron* case above cited.     That the correct rule was thus announced can hardly be disputed or questioned, for otherwise an appeal of this character would be but a mere form, without substance or efficacy.     The discretion vested in the court, in a proceeding of this character, is to be exercised only for the purpose of securing "ample justice to the parties."     The court's discretion is not absolute or arbitrary, but a sound judicial discretion, in view of all the facts and circumstances of the particular case, "exercised for the promotion of justice and the protection of rights, where no other adequate remedy exists."     Under

the facts disclosed by the record, we do not think the trial court was warranted in appointing a receiver to take possession of the premises in controversy before trial and judgment.

There are some questions discussed in the briefs of counsel which we do not deem it necessary or proper to consider on this appeal, as they more properly relate to matters pertinent to the main case.

The appellant has instituted an action to condemn the lands in controversy for booming purposes, and the trial court will probably suspend the action for the recovery of the possession of the premises until the condemnation proceedings are terminated, in accordance with the usual practice.

The order appealed from is reversed.

FULLERTON, C. J., and MOUNT, J., concur.

DUNBAR, J., concurs in the result.