EDWARD P. STRONG v. HONORABLE GEORGE W. TEDDER, as Judge of the Circuit Court, MERCANTILE INVESTMENT & HOLDING COMPANY and C. R. GILLILAND.

196 So. 829

Division A

Opinion Filed June 21, 1940

*T. D. Ellis, Jr.,* and *Curtis Byrd,* for Petitioner;

*Arthur S. Freeman,* for Respondents.

PER CURIAM.—Petition for writ of prohibition to stay certain proceedings in the Circuit Court of Broward County.

In a common-law action in the Circuit Court for Broward County, C. R. Gilliland recovered judgment against Mercantile Investment & Holding Company. In pursuance thereof, writ of execution was issued upon certain real property of defendant Mercantile Investment & Holding Company on November 20, 1939. On November 25, 1939, a special writ of execution was issued upon certain goods and chattels. Pursuant to these writs the property levied upon was advertised for sale by the sheriff, sale to be held January 1, 1940.

Defendant filed motion for order staying writ of execution issued November 25, 1939, and the motion was granted. The real property, subject of the levy of November 20, was sold on January 1, 1940, to petitioner Strong, for $500, sheriff's deed being issued and recorded.

Subsequently, defendant, respondent here, filed with the circuit court motion to set aside execution sale on the grounds that the purchase price was inadequate; that he had knowledge of but one execution, when two had issued; and that the terms of the order staying the special writ of execution covered both writs. An order of continuance was entered January 10, and is in part as follows:

"FURTHER ORDERED that the status quo in these proceedings, pending such hearing, shall be maintained by all parties hereto, and that neither the plaintiff, C. R. Gilliland, his attorneys or the said Edward P. Strong shall convey, encumber, transfer or hypothecate said lands or any interest therein, nor attempt so to do, and that delivery to the said Edward P. Strong in the manner of service of other process, but by any person not necessarily the sheriff of this court, shall be sufficient notice of this order, of the continuance of the above hearing, and of the matters herein ordered and required."

Due to illness of counsel, a further order of postponement was filed in which it recited that "this matter be continued and maintained in status quo as provided by the order of this court rendered on January 10, 1940."

Petitioner then filed on March 4, 1940, a Special Appearance and Motion to Quash pursuant thereto. On that same day, however, the court entered an order, in part as follows:

"It is ordered and adjudged that the status quo herein be preserved in all particulars with reference to the lands

attempted to have been sold by the Sheriff of Broward County to the said Edward P. Strong as aforesaid as provided originally in this Court's order of January 10, until the further order of the court; and

"The said Edward P. Strong is hereby ordered and directed not to transfer, sell, assign, hypothecate, encumber or any way dispose of said lands or any part thereof or any interest therein or attempt so to do until the further order of this court."

This writ of prohibition is sought to prevent further action by the circuit court in this cause, lack of jurisdiction of the subject matter being one ground upon which the writ is based. The sufficiency of the service of notice upon petitioner is also challenged, but this question will not be decided.

There is still maintained in this State virtually the same sharp distinction between common-law courts and courts of equity that existed in England prior to 1776.

Petitioner, Strong, purchased the property under apparently regular execution and sale, paying cash therefor. He paid additional sums for recording the deeds and for revenue stamps. Taxes due the City of Hollywood in the sum of $92.20 have also been paid.

Petitioner alleges that it would be manifestly inequitable to set aside the sale of the property without placing petitioner in status quo, and that such matters are cognizable only in equity.

In 23 C. J. 686, Section 680, it is stated:

"While there are decisions authorizing a motion to set aside the sale after the execution of a sheriff's deed, it is generally held that equity has exclusive jurisdiction of a bill to set aside a sale where the sale has been followed by a deed from the sheriff, since a court of law is incompetent

to decree the cancellation of such deed and thus remove the cloud it casts on the title, unless there was no judgment or execution, or the court had no jurisdiction to render the judgment."

A motion to *vacate* a sheriff's sale is properly addressed to the common-law court from whence it issued, upon proper notice to the parties; Slater v. Alston, 103 Ala. 605, 15 So. 944, 49 Am. St. Rep. 55; Woody v. Jameson, 5 Ida. 466, 50 Pac. 1008; Bach v. Whittaker, 109 Ky. 612, 60 S. W. 410, 22 Ky. L. 1226; but where additional relief is sought, resort must be had to equity.

In Anniston Pipe Works v. Williams, *et al.,* 106 Ala. 324, 18 So. 111, the sale was to the plaintiff and motion was made to vacate after sheriff's deed had issued, and after taxes had been paid and liens had been removed. The Supreme Court of Alabama said:

"In the case in hand, the application was made inside of two years after the sale. The property remained unchanged, meantime, so far as appears; and we fail to discover anything as affecting the property itself, and the relation of the purchasers to it, which would make it injurious or prejudicial to them, as for any delay that has occurred, for the motion to set aside the sale to be granted, under proper conditions, and much, that may come to defendant, if the sale is not set aside. But, how can a court of law deal with a case such as we have before us? The general rule is, that a court of law has complete control over its processes, to prevent abuse and injustice; but circumstances may arise in the execution of the orders or processes of a law court, which on account of its fixed rules, render it incompetent to administer full relief to a party seeking its aid, or to protect from injustice and

injury the rights of others which have intervened. On the motion of the movants and the proofs introduced, it is evident that the sale should be set aside; but, from the answer to the motion and the evidence introduced, it appears that the sheriff has executed a deed to the purchasers of the lots in question, which a court of law has no power to annul, and that the purchasers have rightfully paid out considerable sums of money in paying taxes and removing liens on the property, which should be refunded or secured to them. It would be manifestly inequitable and contrary to well-established rules on the subject, to set aside the sale, without refunding to them the money they have paid out, and placing them in statu quo. These facts give rise to questions of law which can be properly determined only in a court of equity, and which must be adjudicated before the movants are entitled to have the sale set aside. (Citing cases.)"

Other cases in Alabama and those jurisdictions still retaining the common-law distinctions between law and equity are analogous.

In order to give complete relief in the circuit court, jurisdiction of the parties must be obtained and evidence taken on the contested points, and if the sale is vacated and set aside, the money expended by Strong must be returned. This is primarily a matter cognizable in equity, and the circuit judge sitting as a common-law court erred in assuming jurisdiction of the cause and continuing to act therein.

The writ of prohibition staying any further proceedings in the cause is granted.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

478

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.