[No. 32557. Department One.   March 18, 1954.]

ADALINE M. BUSSARD, *Respondent*, v. FIREMAN'S FUND
INDEMNITY COMPANY, *Appellant*.[1]

Reported in 267 P. (2d) 1062.

`· Duane T. Shinn` (of *Hennings & Shinn*), for appellant.

*Tuttle & Luce,* for respondent.

MALLERY, J.—This is an action by the plaintiff, as beneficiary of an insurance policy, for the accidental death of her husband. The jury returned a verdict for her of $10,615. Defendant appeals.

·· The insured had taken out the policy prior to embarking for France to study Romance languages. In flying home on July 18, 1951, he found, at about two a. m., that he had to wait several hours between planes in Salt Lake City.

· His dead body was found about five hours later beside the main line of the Union Pacific railroad, several miles from the Salt Lake City airport, by a railroad section foreman, who testified that the body was lying on the rock railroad ballast at right angles to the track, with the top of the head "a good eight inches" from the north rail. There is no question but that he died from being struck by a railroad train on the upper-right portion of the head. A small portion of the skull was cleanly cut away.

A dirt road runs parallel to the railroad where the body was found. The airport buildings cannot be seen from the road, but are visible from the top of the right of way, which is about six feet above the surrounding flat terrain.

At the time of his death, the insured was forty-seven years old, married, the father of two sons, and a professor of languages at Whitman College.

Appellant defended the action upon the ground that the insured met his death by suicide, the proximate cause of which was the unbearable pain of a migraine headache. Suicide falls under an exclusion clause of the insurance policy, for which no benefits are payable. The burden of proof was upon the appellant, since one who asserts that a

person is a suicide must overcome a presumption to the contrary. *Selover v. Aetna Life Insurance Co.*, 180 Wash. 236, 38 P. (2d) 1059. Only circumstantial evidence was available upon the suicide issue.

Appellant contends the trial court erred (1) in overruling its objections to certain questions, (2) in denying its motion to strike a portion of a witness' answers to certain questions, (3) in denying its motion for a mistrial, and (4) in denying its motion for a new trial.

■ The facts surrounding the first contention are that prior to the trial appellant took the deposition of deputy sheriff Palmquist, who, in company with the coroner, Judge Bringhurst, went to the scene after the accident on July 18, 1951. The coroner was never there on any other date. On direct examination, the witness testified about the terrain and condition of the railway roadbed where the body was found. On cross-examination, it was made to appear that when the witness and the coroner were there, on the day of the death, the rock ballast of the railroad track was loosely packed at the edge where the decline starts, and that he slipped and sprained his left wrist. "The rock substance kind of rolled from under your feet and let you slip," he said.

■ There is probably no circumstantial evidence having so direct and important a bearing upon the issues of accident versus suicide as that concerning the condition of the ballast of the railroad track at the time and place of the insured's death. The cross-examination concerning the slipping of the witness on the date of the death, was competent, relevant, and material upon the condition of the railway roadbed.

■ In October, 1952, deputy sheriff Palmquist and the respondent's attorney went to the scene of the accident. In cross-examination, Palmquist testified that the rock ballast, on that later date, was in approximately the same condition as it was on July 18, 1951, and that he again had difficulty in keeping his feet on the ballast near the place where the

body was found. The witness' testimony that the conditions were the same on both occasions makes his testimony about the condition of the rocks at the later date admissible on cross-examination.

■ A wide leeway is permitted in the cross-examination of witnesses who have given opinions. 58 Am. Jur. 506, § 884. The condition of the ballast upon which the insured was lying when found after the accident, was a proper subject for cross-examination, and its dangerous condition could be shown by evidence of the slipping of persons other than the deceased, provided the conditions of the roadbed are shown to be sustantially the same as at the time of the accident.

■ (2) Appellant complains that the trial court erred in denying its motion to strike a portion of the following answer of witness Palmquist:

"Q. You slipped and fell down on one arm? A. Yes, I slipped the day we investigated out there; Judge Bringhurst was there; I think he will tell you the same thing. I sprained my left wrist from it while I was out there."

The answer, except the word "Yes," is not responsive to the question. However, since the answer was competent and admissible, the refusal to strike it was not reversible error requiring a new trial.

■ (3) Appellant contends that the trial court erred in not declaring a mistrial, because of the statement of respondent's counsel, in the presence of the jury, that he would offer the first answer of appellant in evidence as rebuttal. This was not misconduct.

"When a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission limiting the issues and putting certain facts beyond dispute. Nevertheless, it exists as an utterance once deliberately made by the party." 4 Wigmore on Evidence (3d ed.) 61, § 1067.

See *Sengfelder v. Hill*, 16 Wash. 355, 47 Pac. 757; and *State v. Bringgold*, 40 Wash. 12, 82 Pac. 132.

(4) Appellant contends its motion for a new trial should have been granted because it did not have a fair trial. It

was based upon the grounds heretofore discussed and disallowed.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.