OWEN, Judge.
Appellants were judgment debtors whose property was sold under writs of execution issued on the judgment. Approximately two and one-half years thereafter appellants filed in the court issuing the writs their motion to vacate execution sales. The motion alleged various irregularities in the issuance of the writs and in the conduct of the sales, appellants’ lack of notice that such sales were being held, the gross inadequacy of price at the sales, and that the same resulted from surprise, mistake, accident, misconduct or irregularity. Such motion sought affirmative relief including the vacating of the judicial sales and the cancellation of the various sheriff’s deeds which had been issued and delivered pursuant to such sales.
A hearing on appellants’ motion was set and the several purchasers at the sales were served with a copy of the notice of such hearing. At the outset of the hearing the court questioned its jurisdiction and declined to take any evidence on the issues made by the motion until the question of the court’s jurisdiction was resolved. The court requested briefs on that issue, expressly stating to appellants’ counsel that, if the court had jurisdiction, a further hearing would be scheduled to permit appellants to offer evidence in support of the matters set forth in the motion to vacate. Thereafter, without further hearing, the court entered the order from which this appeal is taken. The order denied the defendants’ motion to vacate the execution sales, not because of lack of jurisdiction in the court to consider such motion, but because the court expressly found from the court file that there was no surprise, misconduct, fraud or irregularity in said sales. It is clear from the order that the court assumed jurisdiction to consider the motion and that the court decided the motion on the merits notwithstanding the fact that the appellants had not been given the opportunity to offer evidence in support of the grounds of the motion.
Without attempting to delineate the point beyond which a court loses jurisdiction to entertain a motion to vacate a sheriff’s sale based upon writ of execution issued from such court, we think the facts of this case bring it clearly within the holding of Strong v. Tedder, 1940, 143 Fla. 473, 196 So. 829. There it was held that the affirmative relief being sought by the judgment debtors was primarily a matter cognizable in equity and that the trial court from which the writ of execution had issued, being a common law court, erred in assuming jurisdiction of the cause and continuing to act therein.
For the reasons stated, we are of the view that the trial court lacked jurisdiction to entertain the motion to vacate the execution sales. The order should have denied the motion for lack of jurisdiction without prejudice to appellants’ rights to seek equitable relief, rather than a denial on the merits. The order appealed is reversed and the cause remanded for entry of an order consistent herewith.
Reversed.
CROSS and REED, JJ., concur.